FILED

JUN 1 5 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6      UNITED STATES BANKRUPTCY COURT

7      EASTERN DISTRICT OF CALIFORNIA

8

9   In re                          )      Case No. 05-22932-C-7
                                    )
10  SAMUEL H. HONEA                 )      MC No. DPS-1
                                    )
11                                  )
                                    )
         Debtor.                    )
12   _____)

13

14   **FINDINGS OF FACT AND CONCLUSIONS OF LAW
     ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR
     PUBLICATION**

15

16        These findings of fact and conclusions of law, which

17   are not intended for publication, are rendered in this

18   contested matter pursuant to Federal Rule of Civil Procedure 52

19   as incorporated by Federal Rules of Bankruptcy Procedure 7052

20   and 9014.

21

22                        Jurisdiction

23        Jurisdiction is founded upon 28 U.S.C. § 1334.  This is

24   a core proceeding.  28 U.S.C. § 157(b)(2)(G).

25

26

27

28



<u>Findings of Fact</u>

Debtor filed his voluntary chapter 7 petition on March 17, 2005.  He scheduled a 2003 Harley-Davidson Motorcycle FXDL Dyna Low Rider ("vehicle") as property of the estate.  The first meeting of creditors was held on April 26, 2005.  The chapter 7 trustee filed a report finding that there is property available for distribution from the estate over and above that exempted by the debtor.  On March 6, 2006, the court denied Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), § 727(a)(4)(A), § 727(a)(4)(D), and 727(a)(5).

On May 10, 2007, Harley-Davidson Credit ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle.  The National Automobile Dealers Association Appraisal Guide for Motorcycles (online) value of the vehicle is approximately $11,275.00.  Movant holds a lien on the vehicle in the approximate amount of $14,026.58.  There is no evidence of any other liens against the vehicle.  Movant sent notice of the motion to the debtor at the wrong address (wrong apartment number) and movant did not sent notice to the trustee's attorney of record.

No opposition to the motion was filed within the time prescribed by Local Bankruptcy Rule 9014-1(f)(1).  The parties have consented to taking evidence by affidavit and have not demonstrated that there is any disputed material factual issue that would warrant an evidentiary hearing.  <u>See</u> L. Bankr. R. 9014-1(f)(1).  The evidentiary record is closed.  <u>Id.</u>

Upon review of the record, the court determined that

1  the written record was adequate and that no oral argument is

2  necessary.

3

4                          Conclusions of Law

5         The automatic stay of acts against debtor in personam

6  expires when the debtor is granted a discharge.  11 U.S.C.

7  § 362(c)(2)(C).  Acts against property of the estate remain

8  stayed until the earliest of the time when the bankruptcy case

9  is closed, dismissed, or the property ceases to be property of

10 the estate.  11 U.S.C. § 362(c).  The automatic stay may be

11 terminated earlier if debtor fails to protect the secured

12 party's interest adequately, § 362(d)(1), and, with respect to

13 a stay of an act against property, debtor does not have equity

14 in the property, § 362(d)(2)(A), and the property is not

15 necessary to an effective reorganization.  11 U.S.C. §

16 362(d)(2)(B).  The issue of whether the property is necessary

17 to an effective reorganization is not considered in a chapter 7

18 case because no reorganization is contemplated in a chapter 7

19 case.

20        Although the debtor does not appear to have any equity

21 in the vehicle, since the debtor was denied a discharge, the

22 automatic stay has expired as to the debtor under

23 § 362(c)(2)(C).  Thus, the motion insofar as it is directed at

24 the interest of the debtor is moot and will be denied.  Under

25 these circumstances, the defect in movant's service does not

26 make a difference.

27        However, the motion will be granted as to the interest

28 of the trustee.

1    An appropriate order will issue.

2    Dated: June 15, 2007

4    _____

     UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Samuel H. Honea
3943 Queenstone Court, #4
Carmichael, CA 95608

Michael Heath
1604 Union Street
San Francisco, CA 94123

Dean P. Sperling
Law Office of Dean P. Sperling
201 East Sandpointe, Suite 220
Santa Ana, CA 92707

Michael F. Burkart
5150 Fair Oaks Blvd., #101-185
Carmichael, CA 95608

David M. Meegan
1545 River Park Drive, #550
Sacramento, CA 95815

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 06|18|07

_Melissa McIntosh_
Deputy Clerk